**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IVAN VON STAICH, | ) | No. C 02-2321 PJH (PR) |
| Petitioner, | ) | ORDER DENYING PETITION |
| | ) | FOR WRIT OF HABEAS |
| vs. | ) | CORPUS |
| | ) | |
| JOHN V. BRIGGS; CALIFORNIA | ) | |
| DEPARTMENT OF CORRECTIONS; | ) | |
| and BOARD OF PRISON TERMS, | ) | |
| | ) | |
| Respondents. | ) | |
| ——————————————————— | ) | |

This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254. The court ordered respondents to show cause why the writ should not be granted. Respondents have filed an answer and a memorandum of points and authorities in support of it, and have lodged exhibits with the court. Petitioner has responded with a traverse. The matter is submitted.

**BACKGROUND**

An Orange County jury convicted petitioner of attempted murder and second degree murder. He was given consecutive sentences of thirteen years for the attempted murder and seventeen years to life for the murder. Petitioner presented four issues in his petition, contending that: (1) The statute under which he was sentenced, which was enacted via the initiative process, was enacted in violation of state law and due process; (2) the Board of Prison Terms violated his constitutional rights by failing to set his maximum term at twenty-one years, as purportedly required by the California Code of Regulations; (3) the Board of Prison Terms violated his due process rights by in effect giving him a life sentence; and (4) his due process rights were violated by the California Department of Corrections' calculation of his

1  sentencing credits.  In its initial review order the court dismissed the first issue as

2  presenting only a state law claim and ordered respondents to show cause as to the

3  other issues.

4                            **STANDARD OF REVIEW**

5          A district court may not grant a petition challenging a state conviction or

6  sentence on the basis of a claim that was reviewed on the merits in state court unless

7  the state court's adjudication of the claim: "(1) resulted in a decision that was contrary

8  to, or involved an unreasonable application of, clearly established Federal law, as

9  determined by the Supreme Court of the United States; or (2) resulted in a decision

10  that was based on an unreasonable determination of the facts in light of the evidence

11  presented in the State court proceeding."  28 U.S.C. § 2254(d).  The first prong

12  applies both to questions of law and to mixed questions of law and fact, Williams

13  (Terry) v. Taylor, 529 U.S. 362, 407-09 (2001), while the second prong applies to

14  decisions based on factual determinations, Miller-El v. Cockrell, 123 S. Ct. 1029,

15  1041 (2003).

16          A state court decision is "contrary to" Supreme Court authority, that is, falls

17  under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion

18  opposite to that reached by [the Supreme] Court on a question of law or if the state

19  court decides a case differently than [the Supreme] Court has on a set of materially

20  indistinguishable facts."  Williams (Terry), 529 U.S. at 412-13.  A state court decision

21  is an "unreasonable application of" Supreme Court authority, falling under the second

22  clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the

23  Supreme Court's decisions but "unreasonably applies that principle to the facts of the

24  prisoner's case."  Id. at 413.  The federal court on habeas review may not issue the

25  writ "simply because that court concludes in its independent judgment that the

26  relevant state-court decision applied clearly established federal law erroneously or

27  incorrectly."  Id. at 411.  Rather, the application must be "objectively unreasonable" to

28                                            2

1  support granting the writ. Id. at 409.

2        "Factual determinations by state courts are presumed correct absent clear and

3  convincing evidence to the contrary." Miller-El, 123 S. Ct. at 1041.  This presumption

4  is not altered by the fact that the finding was made by a state court of appeals, rather

5  than by a state trial court.  Sumner v. Mata, 449 U.S. 539, 546-47 (1981); Bragg v.

6  Galaza, 242 F.3d 1082, 1087 (9th Cir.), amended, 253 F.3d 1150 (9th Cir. 2001).  A

7  petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s

8  presumption of correctness; conclusory assertions will not do.  Id.

9        Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual

10  determination will not be overturned on factual grounds unless objectively

11  unreasonable in light of the evidence presented in the state-court proceeding." Miller-

12  El, 123 S. Ct. at 1041; see also Torres v. Prunty, 223 F.3d 1103, 1107 (9th Cir.

13  2000).

14                  **DISCUSSION**

15        1.    Failure to set a maximum term

16        Petitioner contends that his due process rights were violated when the parole

17  board failed to set a maximum term for him as allegedly required by the board's

18  regulations and California law.

19        Respondents' only argument in response is to claim that this issue is not

20  exhausted.  They contend that petitioner did not raise this issue via the prison's

21  administrative appeal process, and petitioner does not deny this.  Under California

22  law, a state habeas petitioner must exhaust any available administrative remedies,

23  including those of the familiar prison grievance system set up by the California

24  Administrative Code, title 15, section 2050 et seq.  See In re Dexter, 25 Cal.3d 921,

25  925-26 (1979).  Here, the California Supreme Court denied petitioner's state habeas

26  petition with the sentence "Petition for writ of habeas corpus is DENIED."  It did not

27  invoke the Dexter procedural bar, though it appears it could have.

28                  3

1    Respondents argue that because that administrative remedy process was not

2    exhausted, petitioner's claim must be dismissed, citing only California cases and

3    without discussing whether the California rule has any application in federal court.

4    Although federal law requires exhaustion of state judicial remedies, Rose v.

5    Lundy, 455 U.S. 509, 515-16 (1982), there is no requirement that a petitioner exhaust

6    administrative remedies.  Petitioner exhausted his judicial remedies, which is all he

7    needed to do as far as federal court is concerned.  And the California Supreme Court

8    did not invoke the Dexter procedural bar, so this claim is not procedurally defaulted.

9    See Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991) ("If the last state court to be

10   presented with a particular federal claim reached the merits, it removes any bar to

11   federal court review that might otherwise have been available.").  The court rejects

12   respondents' contention that this claim should be dismissed for failure to exhaust.

13   However, petitioner's claim must nonetheless, be denied on the merits.  In the

14   recent case of In re Dannenberg, 34 Cal. 4th 1061 (2005), the California Supreme

15   Court rejected the same contention he makes here, that he has a state-law right to

16   have his maximum term set by the parole board according to regulations.  Id. at 1071.

17   The court held that the board is not required to set a maximum term for a prisoner

18   when it has denied the prisoner a parole date on grounds that he or she is a

19   continuing public danger, as it did with petitioner here.  Id. at 1071, 1098.  Because

20   state law did not give petitioner a liberty interest in having a maximum parole date

21   set, his due process rights could not have been violated by the board's failure to do

22   so.  Id. at 1098 n. 18.  This claim is without merit and the California Supreme Court's

23   denial of it was not contrary to, or an unreasonable application of, clearly established

24   United States Supreme Court authority.

25        2.    Pre-sentence credits

26   Petitioner contends that he did not receive all the time credits he is entitled to

27   under state law, and that this violated his due process rights.  At issue is the proper

28                                              4

1   application of section 2900.5 of the California Penal Code.

2   California Penal Code section 2900.5(a) provides that:

3   In all felony and misdemeanor convictions,
    either by plea or by verdict, when the
4   defendant has been in custody, including, but
    not limited to, any time spent in a jail, camp,
5   work furlough facility, halfway house,
    rehabilitation facility, hospital, prison, juvenile
6   detention facility, or similar residential
    institution, all days of custody of the
7   defendant, including days served as a
    condition of probation . . . shall be credited
8   upon his or her term of imprisonment.

9   The underlying purpose of section 2900.5 is to ensure that one held in pretrial

10  custody on the basis of unproven charges will not serve a longer overall period of

11  confinement upon conviction than a person who received an identical sentence but

12  was not held in custody before the conviction.  See People v. Bruner, 9 Cal. 4th 1178,

13  1183-84 (1995).  A significant limitation on the credits available is found in section

14  2900.5(b), however, which provides that credit shall be given only where "the custody

15  to be credited is attributable to proceedings related to the same conduct for which the

16  defendant has been convicted.  Credit shall be given only once for a single period of

17  custody attributable to multiple offenses for which a consecutive sentence is

18  imposed."  A defendant cannot obtain credit for confinement prior to his conviction

19  unless he proves that but for the conduct which led to the sentence against which he

20  seeks credit, he would not have been subjected to presentence custody.  See Bruner,

21  9 Cal. 4th at 1193-95.

22  The erroneous denial of presentence custody credit under section 2900.5 may

23  constitute denial of a state-created liberty interest that is protected by the Due

24  Process Clause.  It is clear, however, that California has not created a liberty interest

25  in credit for any period of presentence custody for which a defendant cannot show

26  "that he could have been free" during the time period in question "but for the same

27  conduct that led to the instant conviction and sentence."  Robinson v. Marshall, 66

28

1  F.3d 249, 250 (9th Cir. 1995) (quoting Bruner, 9 Cal. 4th at 1195); see also

2  McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991).

3         Here, petitioner was sentenced to a determinate thirteen year term for

4  attempted murder, against which sentence he has received credit, and a consecutive

5  indeterminate term of seventeen years to life for second degree murder, against

6  which sentence he has not received credit.  In re Nickles, 231 Cal. App. 3d 415,

7  424 (1991), the Court of Appeal interpreted In re Joyner, 48 Cal. 3d 487, 491-96

8  (1989), as requiring a rule of "strict causation" between the conduct resulting in

9  custody and the receipt of pretrial credits, with the burden to be carried by the

10 defendant.  This approach was later endorsed by the California Supreme Court,

11 which concluded that Nickles "construe[d] the statute correctly."  See People v.

12 Bruner, 9 Cal. 4th at 1191.  That is, it is petitioner's burden, if he wishes to establish

13 that section 2900 was violated, to prove that he would have been free, for the number

14 of days for which he claims credit, were it not for the events giving rise to the second

15 degree murder charge.  This he has not done.  Any  liberty interest created by state

16 law thus was not violated.  Robinson, 66 F.3d at 250.

17        The state court's rejection of this claim was not contrary to, or an

18 unreasonable application of, clearly established United States Supreme Court

19 authority.

20        3.    Other issues

21        The court listed four issues in its order to show cause, one of which, having to

22 do with the initiative which led to the sentencing law applied to petitioner, was

23 dismissed.  The other three issues were the two discussed above plus one phrased

24 by the court as "the Board of Prison Terms violated his due process rights by in effect

25 giving him a life sentence."

26        Petitioner's form petition did not list issues separately, but instead referred the

27 reader to an attachment.  The attachment is divided in sections; section I is the

28                                              6

dismissed issue; section II is the contention that the parole board must set a maximum term, discussed above; section III is a brief claim that the California courts refuse to require the board to follow their decisions; and another section III is the credits issue discussed above.  It is not entirely clear that petitioner intended the first of the two section IIIs to be a separate claim, rather than a plea that this court require the state courts to enforce the rights he discussed in section II; in any case, the basis for the issue contending that it is a violation of due process for the state courts to fail to enforce their own decisions has now been negated, because <u>Dannenberg</u> makes clear that the decisions petitioner cites and wants enforced do not mean what he contends they do – that is, the parole board is not required to set terms until an inmate is found suitable for parole.  <u>See</u> <u>Dannenberg</u>, 34 Cal.4th at 1071, 1098 (2005).

Petitioner did not separately set out in the petition the third issue the court identified in the order to show cause, the contention that an indeterminate sentence for x years to life is not a life sentence, and that as a result under California law the board must set a maximum release date.  To whatever extent petitioner may have intended to raise it as a separate issue, it is without merit because there is no federal constitutional right not to have a sentence of "seventeen years to life" treated as a life sentence, pending eligibility for parole.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. The clerk shall close the file.

IT IS SO ORDERED.

Dated:  January 26 , 2006.

_____
PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.02\STAICH321.RUL2

7